### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALLERGAN, INC., ALLERGAN PHARMACEUTICALS IRELAND UNLIMITED COMPANY, and ALLERGAN USA, INC. <br><br> Plaintiffs, <br><br> v. <br><br> REVANCE THERAPEUTICS, INC. and ALTHEA, INC. d/b/a AJINOMOTO BIO-PHARMA SERVICES, <br><br> Defendants. | Civil Action No. 21-1411-RGA |

### MEMORANDUM ORDER

Before the Court is Revance's[1] motion for reargument and reconsideration (D.I. 218) on a claim construction dispute I resolved after a Markman hearing. The disputed term is "clarified culture." (D.I. 211). The Parties have briefed the issue. (D.I. 218, 238). For the reasons discussed below, I deny the motion.

### I. BACKGROUND

The parties submitted a Joint Claim Construction Brief (D.I. 141), and subsequently narrowed the issues in advance of the hearing. (D.I. 162; D.I. 167). I heard oral argument on June 28, 2023. One of the terms the parties sought to construe was "clarified culture," which appears in two of the asserted claims of U.S. Patent No. 7,354,740 ("the '740 patent"). (D.I. 141 at 12-21). I

---

[1] For simplicity, I refer to Defondants as "Revance."

1

construed "clarified culture" to mean "fermentation culture from which gross impurities have been removed." (D.I. 211 at 7-10).

Revance now moves for reargument and reconsideration of that construction. (D.I. 218).

## II.   RULE 59(e) LEGAL STANDARD

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). To succeed on such a motion, a party must demonstrate one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Id.* A motion for reargument/reconsideration is not an appropriate vehicle to reargue issues that the court has already considered and decided. *See Justice v. Attorney Gen. of Del.*, 2019 WL 927351, at *2 (D. Del. Feb. 26, 2019); *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990).

## III.   DISCUSSION

Revance argues that there are two related errors with my construction. (D.I. 218 at 1). First, Revance contends that I misapprehended the disclosure of the '740 patent pertaining to acid precipitation. (*Id.*). Second, Revance states that based on my misapprehension, I did not consider the '740 patent as a whole in determining that acid precipitation was not disavowed. (*Id.* at 1-2).

I note that in the original Markman briefing, Revance wrote about five and a half pages (D.I. 141 at 14-18, 20-21) arguing for a construction for which it is no longer arguing. In those pages, there were three paragraphs (on pages 17-18 & 21) making the disclaimer argument that Revance now advances. Needless to say, with ten pages for reargument, Revance now cites additional passages in the specification, some of which I did not cite in my opinion. Notwithstanding Revance's lack of focus in the Markman briefing, it was clear to me at the

2

Markman hearing what Revance's best argument was. I thus permitted Revance to provide a revised construction, which it did (D.I. 171), consistent with that best argument.

I understand Revance's present arguments. I understood them at the Markman hearing and when I issued the claim construction opinion. Thus, there is no reason to reconsider them based on the argument that I misapprehended them. Revance's citation to a few additional passages in the specification changes nothing.

## IV. CONCLUSION

For the reasons stated above, the motion for reargument and reconsideration (D.I. 218) is DENIED.

IT IS SO ORDERED this 14th day of November 2023.

_/s/ Richard G. Andrews_
United States District Judge