IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Allergan, Inc., Allergan Pharmaceuticals Ireland Unlimited Company, and Allergan USA, Inc., <br><br> Plaintiffs, <br><br> v. <br><br> Revance Therapeutics, Inc., and Ajinomoto Althea, Inc. d/b/a Ajinomoto Bio-Pharma Services, <br><br> Defendants. | Civil Action No. 21-1411-RGA |

ORDER ON MOTIONS IN LIMINE

The parties have filed six motions in limine. The motions make apparent that there has been a substandard amount of meaningful communication between the parties in connection with the motions.[1] I now address the three motions that should not have been filed.

Defendants move to exclude eight non-comparable licensing agreements and testimony about them. (D.I. 405 at 4 of 18). Plaintiffs agree that they will not "affirmatively" rely upon these license agreements. (*Id*. at 9 of 18). Defendants reply that the motion is moot. (*Id*. at 15 of 18). I agree. The motion in limine (D.I. 405) is DISMISSED as moot.

Plaintiffs move to exclude "factual testimony regarding noninfringing alternatives." (D.I. 414 at 5 of 19). Plaintiffs note that Defendants only plan to have one "live" fact witness—Dr. Ruegg—at trial. Defendants agree that they will not "present evidence at trial of any existing or actual Revance-based design-around plans." (*Id*. at 13 of 19). Instead, they will present expert

---

[1] Both sides are represented by multiple respected Delaware counsel. I encourage them to be more active in promoting communication and reasonableness in the litigation of this case.

testimony about "an available and feasible option that could have been implemented." (*Id*.). Defendants do not mention Dr. Ruegg. Plaintiffs reply that their motion is not seeking to prevent the proffered expert testimony. (*Id*. at 18 of 19). Plaintiffs again mention Dr. Ruegg. Since Dr. Ruegg is a fact witness, and Defendants make no mention of him, and represent that they intend to make their non-infringing alternatives case through expert testimony, the motion in limine (D.I. 414) is DISMISSED as moot.

Plaintiffs move to preclude Defendants from calling them names such as "extortionist" or "monopolist" or similar "pejorative" names, or from suggesting that a verdict for Plaintiffs will drive up drug prices, or the like. (D.I. 416 at 6 of 17). Defendants state they will not call Plaintiffs names or do any of the other things Plaintiffs list. (*Id*. at 12 of 17). Plaintiffs respond that their list of don'ts is "exemplary, and I should make sure to bar "synonymous disparaging language." (*Id*. at 16 of 17). The motion in limine (D.I. 416) is DISMISSED as moot.

IT IS SO ORDERED this 13th day of November 2024.

/s/ Richard G. Andrews
United States District Judge