IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Allergan, Inc.,<br><br>    Plaintiff,<br><br>v.<br><br>Revance Therapeutics, Inc., et al<br><br>    Defendants. | C.A. No. 21-1411-RGA-LDH |

**<u>Preliminary Jury Instructions</u>**

**Table of Contents**

1. Introduction ........................................................................................................................... 1
2. The Nature of the Action and the Parties ............................................................................. 2
3. Guidance Regarding Patents ................................................................................................. 3
4. Patent Litigation and the Parties' Contentions ..................................................................... 4
5. Asserted Patents and Claim Construction ............................................................................ 6
6. Burdens of Proof ................................................................................................................... 7
7. Note Taking .......................................................................................................................... 8
8. Evidence ............................................................................................................................... 9
9. Evaluating a Witness ........................................................................................................... 11
10. Expert Witnesses ................................................................................................................ 12
11. Sidebars .............................................................................................................................. 13
12. Conduct of the Jury ............................................................................................................ 14
13. Trial Procedure ................................................................................................................... 16

1.      **INTRODUCTION**

Members of the jury:  Now that you have been sworn, I am going to give you some preliminary instructions to guide you in your role as jurors in this case.

It will be your duty as jurors to hear the evidence, decide what the facts are, and then apply those facts to the law that I will give you.  You and only you will be the judges of the facts. You will have to apply those facts to the law as I will instruct you both during these preliminary instructions and at the close of the evidence. You must follow that law whether you agree with it or not. It is important that you perform your duties fairly.  Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way.  I play no part in judging the facts.  You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be. My role is to be the judge of the law.  I make whatever legal decisions have to be made during the course of the trial and I will explain to you the legal principles that must guide you in your decisions.

## 2. THE NATURE OF THE ACTION AND THE PARTIES

The plaintiff in this case is Allergan, Inc. Allergan, Inc. owns the three patents at issue. Its wholly-owned subsidiaries manufacture and sell a botulinum toxin injectable product known as Botox. The defendant in this case is Revance Therapeutics. Revance is a company that manufactures and sells a botulinum toxin injectable product called DAXXIFY.

During the trial, the parties will offer testimony and evidence to familiarize you with the products at issue.

Allergan, Inc. owns the three patents at issue in this case. These patents are U.S. Patent No. 7,354,740, U.S. Patent No. 11,203,748, and U.S. Patent No. 11,147,878. For your convenience, the parties and I will often refer to these patents by their last three digits. Respectively, that would be "the '740 patent," "the '748 patent," and "the '878 patent." The parties and I may refer to these patents collectively as "the Asserted Patents." All three patents relate to botulinum toxin injectable products. During the trial, the parties will offer testimony and evidence to familiarize you with the relevant technology.

You have copies of the three patents in your juror notebooks.

3.     **GUIDANCE REGARDING PATENTS**

Before I describe the parties' positions further, at this time, we are going to show a 17-minute video that will provide background information about patents. This video was prepared by the government, not the parties in this case, to help introduce you to the patent system.

The video references a sample patent that you will find in your notebooks. Also, many of the terms that are used in the video are contained in a Glossary of Patent Terms found in the binders that have been provided to you by the parties. Please feel free to refer to this Glossary and the other materials in your binders throughout the trial.

[Play Video at https://www.fjc.gov/publications/patent-process-overview-jurors]

**4.     PATENT LITIGATION AND THE PARTIES' CONTENTIONS**

Someone is said to be infringing a claim of a patent when they, without permission from the patent owner, make, use, import, or sell a product or process practicing the claimed invention within the United States before the term of the patent expires. A patent owner who believes someone is infringing the exclusive rights of a patent may bring a lawsuit, like this one, to recover damages, which generally means money paid by the infringer to the patent owner. The patent owner must prove the amount of damages it is entitled to receive as compensation for the infringing acts.

A party accused of infringing a patent may prove that the asserted claims are invalid as a defense to liability.

I will now briefly explain the parties' basic contentions.

Allergan contends that Revance infringes three patent claims in this case based on its manufacture and sales of a product called DAXXIFY. Revance contends that all of the asserted claims are invalid.

Allergan also contends it is entitled to damages for any asserted patent claim that is not invalid in an amount not less than a reasonable royalty. Allergan contends that it is entitled to damages in the amount of a reasonable royalty for the remainder of Revance's alleged infringement. Revance contends that, since the Asserted Claims are invalid, Allergan is not entitled to any damages.

I will provide you with more detailed instructions concerning invalidity and damages after you have heard all the evidence. At that time, you will be asked to decide several things according to those detailed instructions.

In essence, you must decide:

4

1. Whether Revance has proven by clear and convincing evidence that each of the asserted patent claims are invalid.

2. If you find that any asserted patent claim is valid, then you will also have to decide whether Allergan has proven by a preponderance of the evidence the amount of money to which it is entitled to compensate it for Revance's infringement.

## 5.     ASSERTED PATENTS AND CLAIM CONSTRUCTION

The courtroom deputy has distributed the juror notebooks. These notebooks include paper and a pen, a copy of the Asserted Patents and the meanings of certain terms in the Asserted Patents that I have already determined. For a claim term for which I have not provided you with a definition, you should apply the ordinary meaning of that term in the field of the patent. You are bound by your oath to apply my definitions of the terms I have construed throughout this case, even if you personally disagree with them. My interpretation of the language of the claims, however, should not be taken as an indication that I have a view regarding any of the issues in dispute. Those issues are yours to decide.

## 6.  BURDENS OF PROOF

For each issue in this case, either Allergan or Revance bears the burden of proof, which means that it bears the burden of persuading you to find in its favor. In a patent case such as this one, there are two different burdens of proof. The first is called "preponderance of the evidence." The second is called "clear and convincing evidence."

For any issue on which a party bears the burden of proof by a preponderance of the evidence, that party has carried its burden if you find that what the party claims is more likely true than not, when considered in light of all of the evidence. To put it differently, if you were to put the parties' evidence on opposite sides of a scale, the evidence supporting the claims of the party with the burden of proof must make the scale tip somewhat toward its side.

Here, Allergan has the burden of proving by a preponderance of the evidence the amount of damages Allergan should receive.

Clear and convincing evidence is evidence that the truth of a fact is highly probable. Proof by clear and convincing evidence is, thus, a higher burden of proof than proof by a preponderance of the evidence.

Here, Revance has the burden of proving by clear and convincing evidence that the asserted claims are invalid.

**7.     NOTE TAKING**

If you wish, you may, but are not required to, take notes to help you remember what witnesses said. Notes may be helpful to you because at the end of the trial, you must make your decision based on what you recall of the evidence. You will not have a written transcript to consult. Therefore, you should pay close attention to the testimony as it is given. I do not suggest that you look to your note taking as a substitute for the written transcript. Instead, as you listen to the testimony, keep in mind that you will be relying on your memory of the testimony during your deliberations.

If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide this case. Your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence. Your notes are not evidence and are not a complete outline of the proceedings or a list of the highlights of the trial. Do not use your notes, or any other juror's notes, as authority to persuade fellow jurors.

During the trial, lots of documents or other physical items may be received into evidence. Therefore, you may wish to make notes about the exhibits, especially their description and number, so that you can refer to those exhibits while you are deliberating. You will be given a copy of every admitted exhibit to take to the jury room to use during deliberations.

When we take our recess each day for the lunch break and when we take our recess each night, please take your notes to the jury room and leave your notes there. Do not take your notes away from the court at any time. No one will read your notes but you. Your notes will be destroyed after the trial is over.

8

**8.      EVIDENCE**

The evidence from which you will find the facts will consist of: the testimony of witnesses, documents, and other things received as exhibits, and any facts that are stipulated— that is, formally agreed to by the parties as true. Any stipulated facts will be read to you during trial, and you must treat them as having been proven for purposes of this case.

Certain things are not evidence. I will list those things for you now:

1. Statements, arguments, questions, and comments by lawyers are not evidence.

2. Exhibits that are identified by a party but not offered or received in evidence are not evidence.

3. Objections are not evidence. Lawyers have an obligation to their clients to object when they believe that the testimony or exhibits being offered into evidence are not proper under the Rules of Evidence. You should not be influenced by a lawyer's objection or my ruling on the objection. If I sustain or uphold the objection to a question or an exhibit, you must ignore the question or the exhibit. If I overrule an objection and allow the matter into evidence, treat the testimony or document like any other evidence. If I instruct you that some item of evidence is admitted for a limited purpose, you must follow that instruction and consider that evidence for that purpose only. If this occurs during the trial, I will try to clarify this for you at that time.

4. Testimony and exhibits that I exclude or strike from the record or tell you to disregard are not evidence and must not be considered.

5. During trial, you may be shown charts and animations to help illustrate the testimony of the witnesses. These illustrative exhibits, called "demonstrative exhibits," are not admitted into evidence and should not be considered as evidence. If they do not correctly reflect the facts shown

9

by the evidence in the case, you should disregard these charts and animations and determine the facts from the documents, testimony, or other underlying evidence.

      6. Anything you see or hear about this case outside this courtroom is not evidence and must be disregarded. Do not consider any testimony or other evidence that gets struck or excluded. Do not speculate about what a witness might have said or what an exhibit might have shown. You are to decide this case solely on the evidence presented here in the courtroom.

      Finally, some of you may have heard the phrases or terms "direct evidence" and "circumstantial evidence."  Direct evidence is direct proof of a fact, such as testimony by an eyewitness. Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist. For example, the fact that it snowed overnight could be proven directly ("I saw it snow last night") or circumstantially ("When I went to sleep the grass was green, when I woke up there was a foot of snow on the ground"). Do not be concerned about whether evidence is "direct evidence" or "circumstantial evidence." You should consider and weigh all of the evidence that is presented to you. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

**9.     EVALUATING A WITNESS**

You are the sole judges of the credibility of the witnesses.  Credibility means only whether a witness is worthy of belief.  You should consider each witness's means of knowledge, strength of memory, and opportunity to observe; how reasonable or unreasonable the testimony is; whether it is consistent or inconsistent; whether it has been contradicted; the witness's biases, prejudices, or interests; the witness's manner or demeanor on the witness stand; and all circumstances that, according to the evidence, could affect the credibility of the testimony.  You may believe everything a witness says, or only part of it, or none of it.

**10.    EXPERT WITNESSES**

You are also going to hear some testimony from expert witnesses. When knowledge of a technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is someone that we often refer to as an "expert witness" and that person is permitted to state his or her opinion on those technical matters. However, you are not required to accept their opinion. As with any other witnesses, it is up to you to determine the credibility of an expert witness.

In weighing this opinion testimony, you may consider the expert witness's qualifications, the reasons for the expert's opinions, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony. You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You are free to accept or reject the testimony of experts, just as with any other witness.

**11.    SIDEBARS**

During the trial it may be necessary for me to talk with the lawyers out of your hearing by having a bench conference, which is also called a "sidebar." If that happens, please be patient. We are not trying to keep important information from you. These conferences are necessary for me to fulfill my responsibility to be sure that evidence is presented to you correctly under the law. We will, of course, do what we can to keep the number and length of these conferences to a minimum. If you would like to stand or stretch or walk around the jury box while we are at sidebar, you should feel free to do so.

I may not always grant an attorney's request for a sidebar. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**12.    CONDUCT OF THE JURY**

Now a few words about your conduct as jurors. First, until you have heard all the evidence and retired to the jury room to deliberate after closing arguments, you are not to discuss the case with anyone, not even among yourselves during the trial. If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is not because they are being rude, but because they are not supposed to talk with you, nor you with them. That is also one of the reasons why you are asked to wear your juror tags. If anyone should try to talk to you about the case, including a fellow juror, bring it to my attention promptly. There are good reasons for this ban on discussions, the most important being the need for you to keep an open mind throughout the presentation of evidence.

Second, do not read or listen to anything about this case that is not admitted into evidence. By that, I mean, if there is a newspaper or internet article or television or radio report relating to this case, do not read the article or watch or listen to the report.

Third, do not try to do any research or investigate the case on your own. Let me elaborate. During the course of the trial, you must not conduct any independent research about the case, the matters in the case, the technology involved in the case, or the individuals or entities involved in the case. In other words, you should not consult dictionaries or reference materials (in print, electronic, or other format) or search websites or blogs on the internet. It is important that you decide this case based solely on the evidence presented in the courtroom. Please do not try to find out information from any other sources.

I know that many of you probably use cell phones, tablets, email, the Internet, social media, and other technology to communicate. You must not talk to anyone about this case or use those tools to communicate with anyone else about the case or share information about this case.

14

That includes your family and friends. You may not communicate with anyone about the case on your cell phone or smartphone, through e-mail, your tablet, text messaging, through any blog or website, through any internet chat room, or by way of any other social networking websites. You may not use any similar technology or social media to either get or share information about this case, even if I have not specifically mentioned it here.

Finally, you should not form any conclusion as to the parties' allegations until all the evidence is in. Keep an open mind until you start your deliberations at the end of the case. You will receive detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision.

**13.   TRIAL PROCEDURE**

The trial will now begin and will proceed in the following manner:

First, attorneys for Allergan will make an opening statement to you. Next, attorneys for Revance will make an opening statement. What is said in the opening statements is not evidence but is simply an outline to help you understand what each party expects the evidence to show.

After the attorneys have made their opening statements, then each party is given an opportunity to present its evidence.

Plaintiff goes first because it has the burden of proof on damages. Allergan will present its witnesses and other evidence on the issue of damages whom counsel for Revance may cross-examine. Following Allergan's case, Revance may present its witnesses and other evidence on the issues of invalidity and damages. Counsel for Allergan may cross-examine witnesses for Revance. Then, Allergan will present its witnesses on the issue of invalidity. Counsel for Revance may cross-examine witnesses for Allergan.

The evidence often is introduced piecemeal, meaning that all the evidence relating to an issue may not be presented at one time but, rather, may be presented at different times during the trial.  You are to wait until all the evidence comes in before you make any decisions.  In other words, keep an open mind throughout the entire trial.

After all the evidence has been presented, I will instruct you on the law and then the attorneys will present to you closing arguments to summarize and interpret the evidence in a way that is helpful to their clients' positions.  As with opening statements, closing statements are not evidence. After closing statements are completed, you will retire to the jury room to deliberate on your verdict in this case.

16