IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Allergan, Inc., <br><br> Plaintiff/Counterclaim Defendant, <br><br> v. <br><br> Revance Therapeutics, Inc. and PCI San Diego, Inc. f/k/a Ajinomoto Althea, Inc., <br><br> Defendants/Counterclaim Plaintiffs. | Civil Action No. 21-1411-RGA |

MEMORANDUM ORDER

Before me is Allergan's Motion for Reconsideration (D.I. 561) of my order (D.I. 558, 559) granting Revance's motion (D.I. 437) to dismiss Allergan Pharmaceuticals Ireland Unlimited Company ("APHI") and Allergan USA, Inc. as plaintiffs from the case. I have read the parties' briefing. (D.I. 561, 566, 580, 586). Because I conclude that Allergan's motion raises issues it could have, and should have, raised earlier, it is DENIED.

"The purpose of a motion for reconsideration is to 'correct manifest errors of law or fact or to present newly discovered evidence.'" *Nash v. Connections CSP, Inc.*, 2017 WL 1224536, at *1 (D. Del. Mar. 31, 2017) (quoting *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). "A proper Rule 59(e) motion must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Id.* (citations omitted). "Motions for reargument or reconsideration may not be used 'as a means to argue new facts or

1

issues that inexcusably were not presented to the court in the matter previously decided.'" *Id.* (quoting *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990)).

Here, Allergan argues that because one of the asserted patents, U.S. Patent No. 11,203,748 ("the '748 patent") was not filed until 2009, it could not have been subject to the agreement between APHI and Allergan Services B.V. in which APHI sold certain IP rights (the "2006 Purchase Agreement"). (D.I. 561 at 1–2). Therefore, APHI must not have transferred rights to the '748 patent to Allergan Services B.V., and APHI must have Article III standing to sue for infringement of the '748 patent. (*Id.*). Revance responds that Allergan had ample opportunity to raise this argument in previous briefing. (D.I. 566 at 6–9). I side with Revance.

Revance argued in multiple briefs that the 2006 Purchase Agreement covered all asserted patents, including the '748 patent. (D.I. 534 at 10 ("[I]t is at least plausible that the . . . '748 patent was also covered [by the 2006 Purchase Agreement]."); D.I. 548 at 8 ("[I]t was at least plausible, if not probable, that Allergan Services bought the rights to the [p]atents-in-suit by the 2006 Purchase Agreement. . . .")). Allergan responded that the 2006 Purchase Agreement was terminated in 2012, but never attempted to refute that it covered the '748 patent. (D.I. 550 at 9–10). It makes that argument for the first time in this motion. (D.I. 561). Because a motion for reconsideration is not a proper vehicle "to argue new . . . issues that inexcusably were not presented to the court in the matter previously decided[,]" *Nash*, 2017 WL 1224536, at *1, Allergan's motion must be denied.

Allergan does not dispute that its previous briefing failed to address this issue. (D.I. 579 at 13:16–23). Instead, it argues three justifications. (D.I. 580 at 2–5).

First, Allergan argues that it "could not have addressed this issue before" I "interpret[ed] the 2006 Purchase Agreement" and determined that it "did not establish an ongoing relationship

2

and, by its nature, was concluded as soon as it was executed." (*Id.* at 2) (quoting D.I. 558 at 18–19). As Revance points out, however, my discussion of the 2006 Purchase Agreement contained "nothing new or surprising" (D.I. 586 at 1), as Revance had already argued that the 2006 Purchase Agreement effectuated a sale that "had already occurred" (D.I. 586 at 1) (quoting D.I. 534 at 11). Allergan cannot argue that it was prevented from making its '748 patent argument until I interpreted the 2006 Purchase Agreement.

Second, Allergan argues that Revance failed to renew in subsequent briefing its earlier argument that the 2006 Purchase Agreement covered the '748 patent because APHI funded Botox research before 2006. (D.I. 580 at 2–3). But Revance *did* cite to its earlier argument (D.I. 548 at 8 (citing D.I. 534 at 9–10)), which Allergan acknowledges (D.I. 580 at 3 n.1). In any event, Revance's broader argument was that the 2006 Purchase Agreement covered *all* asserted patents—that "assertion should have prompted Allergan to raise any arguments it had to the contrary" (D.I. 586 at 1), including its argument concerning the '748 patent's filing date. It failed to do so.

Third, Allergan argues, "[E]ven if Revance is deemed to have properly raised this argument by reference in its supplemental briefing, no response from Allergan was warranted because Revance's simultaneous brief merely speculated that it was 'plausible that . . . the '748 patent was also covered' by the 2006 Purchase Agreement." (D.I. 580 at 4) (quoting D.I. 534 at 10). Since "Allergan need only prove standing by a preponderance of the evidence" (*id.*), Allergan contends that it was under no obligation to respond to "Revance's conjecture" regarding the scope of the 2006 Purchase Agreement (*id.*). I am not persuaded. Proving standing is Allergan's burden. *See Davis v. FEC*, 554 U.S. 724, 734 (2008). I agree with Revance that, "[o]nce Revance put Allergan Ireland's standing at issue . . . Allergan was required to make all of its arguments or have them

3


deemed waived." (D.I. 586) (citing *Falkenberg Capital Corp. v. Dakota Cellular, Inc.*, 925 F. Supp. 231, 244 (D. Del. 1996)).[1]

Finally, in addition to its three main arguments, Allergan argues, "[I]f Revance's . . . statements . . . are found to have properly raised this issue, this means that the 2009 priority filing date for the '748 patent was before the Court in deciding whether the 2006 Purchase Agreement covered that patent." (D.I. 580 at 5). Allergan suggests I should have found in its favor on an issue for which it never advanced an argument. That suggestion can be dismissed out of hand. Allergan's motion (D.I. 561) is DENIED.

IT IS SO ORDERED.

Entered this 10th day of July, 2025

_____
United States District Judge

---

[1] "Forfeited" may be more accurate. *See Genzyme Corp. v. Novartis Gene Therapies, Inc.*, 2024 WL 147780, at *3 n.8 (D. Del. Jan. 12, 2024).