# Morris, Nichols, Arsht & Tunnell llp

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware  19899-1347

302 658 9200
302 658 3989 Fax

Anthony D. Raucci
(302) 351-9392
araucci@morrisnichols.com

July 16, 2025

The Honorable Richard G. Andrews                    *VIA ELECTRONIC FILING*
United States District Court for the District of Delaware
844 North King Street
Room 6325, Unit 9
Wilmington, DE  19801-3555

      Re:    *Allergan, Inc. v. Revance Therapeutics, Inc.*,
               C.A. No. 21-1411 (RGA) (LDH)

Dear Judge Andrews:

      Pursuant to the Amended Pretrial Order, Plaintiff Allergan submits the below objections to Defendant Revance's disclosure of exhibits and demonstratives for use on direct examination with its witnesses.  Excerpts are attached to this letter with highlights as appropriate.

## DTX-136

      Allergan objects to Dr. Ramsey commenting on this exhibit at trial.  This is the FDA correspondence document concerning Revance's internal mouse DAS assay data showing that Revance's RTP004 peptide does not confer a duration benefit.  Consistent with his expert opinions in this case, Dr. Schöneich testified about this information yesterday without any objection from Revance's counsel.  It is undisputed that Dr. Ramsey's expert reports do not cite or relay on DTX-136 (bearing Bates No. REV_DAX-00001141) in any way.  Revance's only justification to allow use of DTX-136 is that Dr. Ramsey was present in the in the court room when Dr. Schöneich analyzed the data reflected in DTX-136.  Revance has no bases to expand Dr. Ramsey's opinion to include first-time analysis of DTX-136 at trial.

## DDX-6.9, 64–67

      Allergan objects to Slides 64 to 67 as misstating the law on unexpected properties, which is prejudicial and will cause confusion for the jury.  The slides incorrectly suggest there is something wrong with a patent claim that does not expressly refer to an unexpected property in the language of the claim.  Allergan further objects to slide 9 reflecting the statutory language of 35 U.S.C. 103 on the basis that it preempts the jury instruction process and will cause confusion.  Dr. Sury is also not providing any opinion on the law.

The Honorable Richard G. Andrews
July 16, 2025
Page 2

**DTX-178, DTX-192, DTX-196, DTX-289, DTX-569, JTX-114, JTX-157**

The identified exhibits are non-patent publications—hearsay that is inadmissible under FRE 802. During meet and confer, Revance indicated it would rely on the publications for uses such as their publication dates, *i.e.* their truth. It identified no applicable hearsay exception, but represented that it may rely on FRE 703. That rule, however, only permits experts to disclose information (with limitations), not admit otherwise inadmissible materials. *See* FRE 703 ("[I]f the facts or data would otherwise be inadmissible, the proponent of the opinion may disclose them to the jury only if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect."); *Wi-LAN Inc. v. Sharp Elecs. Corp.*, 992 F.3d 1366, 1375 (Fed. Cir. 2021) ("[A] party cannot call an expert simply as a conduit for introducing hearsay under the guise that the testifying expert used the hearsay as the basis of his testimony." (cleaned up)).

Respectfully,

*/s/ Anthony D. Raucci*

Anthony D. Raucci (#5948)

cc:     All Counsel of Record (via e-mail)