**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

Allergan, Inc.,

                Plaintiff,

    v.

Revance Therapeutics, Inc.,

                Defendant.

C.A. No. 21-1411-RGA-LDH

**<u>Final Jury Instructions</u>**

## TABLE OF CONTENTS

PAGE

1. GENERAL INSTRUCTIONS .................................................................. 1
   1.1 INTRODUCTION ........................................................................ 1
   1.2 EVIDENCE DEFINED ................................................................ 2
2. THE PARTIES AND THEIR CONTENTIONS ...................................... 3
3. BURDENS OF PROOF ......................................................................... 4
4. THE PATENT CLAIMS ....................................................................... 5
   4.1 THE ROLE OF THE CLAIMS IN A PATENT ........................... 5
   4.2 DEPENDENT CLAIMS .............................................................. 6
   4.3 CLAIM INTERPRETATION ...................................................... 7
5. OBVIOUSNESS .................................................................................... 8
   5.1 PRIOR ART .............................................................................. 10
   5.2 DATE OF INVENTION ............................................................ 11
   5.3 PERSON OF ORDINARY SKILL IN THE ART ...................... 12
   5.4 OBJECTIVE INDICIA OF NONOBVIOUSNESS .................... 13
   5.5 PRACTICING YOUR OWN PATENT ...................................... 14
6. DAMAGES .......................................................................................... 15
   6.1 DAMAGES—DATE OF COMMENCEMENT ......................... 16
   6.2 REASONABLE ROYALTY—DEFINITION ........................... 17
   6.3 REASONABLE ROYALTY—RELEVANT FACTORS ............. 19
7. DELIBERATIONS AND VERDICT ................................................... 20
   7.1 INTRODUCTION ...................................................................... 20
   7.2 UNANIMOUS VERDICT .......................................................... 21
   7.3 DUTY TO DELIBERATE .......................................................... 22

7.4     INTERNET AND SOCIAL MEDIA .................................................................... 23

7.5     THE COURT HAS NO OPINION ..................................................................... 24

# 1.    GENERAL INSTRUCTIONS

## 1.1    INTRODUCTION

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

Please listen very carefully to everything I say.  In following my instructions, you must follow all of them, including the instructions I gave you at the beginning of the trial and during the trial.  Do not single out some and ignore others.  They are all important.

You will have your written copy of these instructions with you in the jury room for your reference during your deliberations.  You will also have a verdict form, which will list the questions that you must answer to decide this case.

I will start by explaining your duties and the general rules that apply in every civil case. Then I will explain some rules that you must use in evaluating particular testimony and evidence. Then I will explain the positions of the parties and the law you will apply in this case.  Finally, I will explain the rules that you must follow during your deliberations in the jury room and the possible verdicts that you may return.

1

## 1.2    EVIDENCE DEFINED

You must make your decision based only on the evidence that you saw and heard here in the courtroom.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, including deposition testimony that has been played or read to you, the exhibits that I allowed into evidence, and any facts that the parties agreed to by stipulation and any facts that I have instructed you to accept as true. Nothing else is evidence. Make your decision based only on the evidence, as I have defined it here, and nothing else.

2.    **THE PARTIES AND THEIR CONTENTIONS**

Allergan, Inc. ("Allergan") has asserted infringement of three patent claims in this case: claim 8 of the '740 patent, claim 8 of the '748 patent, and claim 6 of the '878 patent. Revance contends that all of the claims are invalid. Revance does not contest that DAXXIFY®'s current drug substance or drug product satisfy all the limitations of the three patent claims asserted by Allergan, Inc. Allergan contends it is entitled to an amount of damages not less than a reasonable royalty for any asserted patent claim that you determine is not invalid. Revance contends that all the claims are invalid and therefore Allergan is not entitled to any damages.

In this case, you must decide two issues:

1)    Whether Revance has proven by clear and convincing evidence that any of Allergan's asserted patent claims are invalid for obviousness in view of the prior art;

2)    To the extent you determine that any asserted patent claim is not invalid, the amount of damages that Allergan has proven by a preponderance of the evidence that it is entitled to receive from Revance to compensate for Revance's infringement of Allergan's patent claims.

3.    **BURDENS OF PROOF**

In any legal action, facts must be proven by a required standard of evidence, known as the "burden of proof." In a patent case such as this, there are two different burdens of proof that are used. The first is called the "preponderance of the evidence" standard. The second is called the "clear and convincing evidence" standard.

Allergan must prove its claim for damages by a preponderance of the evidence. When a party has the burden of proof by a preponderance of the evidence, it means that you must be persuaded that what the party seeks to prove is more probably true than not true.

Revance has the burden of proving its claim that the asserted patent claims are invalid by clear and convincing evidence. Clear and convincing evidence is evidence that the truth of a fact is highly probable. Proof by clear and convincing evidence is a higher burden of proof than proof by a preponderance of the evidence.

4.     **THE PATENT CLAIMS**

4.1     **THE ROLE OF THE CLAIMS IN A PATENT**

Patent claims are the numbered sentences at the end of each patent. The claims are important because it is the words of the claims that define what a patent covers.

The patent claims Allergan asserts against Revance in this case are claim 8 of the '740 patent, claim 8 of the '748 patent, and claim 6 of the '878 patent.

To know what a claim covers, a claim sets forth, in words, a set of requirements. Each claim sets forth its requirements in a single sentence. The requirements of a claim are often referred to as "claim elements" or "claim limitations." The scope of a patent is assessed claim-by-claim.

## 4.2    DEPENDENT CLAIMS

This case involves two types of patent claims: independent claims and dependent claims. The asserted claims in this case are "dependent claims." A "dependent claim" does not itself recite all the limitations of the claim but refers to another claim for some of its limitations. In this way, the claim "depends" on another claim.

A dependent claim incorporates all the limitations of the claim(s) to which it refers. A dependent claim then adds its own additional limitations. To determine what a dependent claim covers, it is necessary to look at both the dependent claim and any other claim to which it refers. Here, for example, claim 6 of the '878 patent depends on claim 1 of that patent. Therefore, a product that meets all the limitations of both dependent claim 6 and claim 1 is covered by dependent claim 6.

6

### 4.3    CLAIM INTERPRETATION

It is my job as the judge to determine the meaning of any claim language from these patents that needs interpretation. I have determined the meaning of certain claim terms, and my definitions of those claim terms are provided in your juror notebooks.

You must accept my definitions of these words in the claims as being correct. For any words in the claim for which I have not provided you with a definition, you should apply its ordinary and customary meaning as understood by a person of ordinary skill in the art.

5.     **OBVIOUSNESS**

Under the patent laws, a person is entitled to a patent only if the invention claimed in the patent is not obvious in light of what came before. Even though an invention may not have been identically disclosed or described before it was made by an inventor, in order to be patentable, the invention must not have been "obvious" to a person of ordinary skill in the field of technology of the patent at the time the invention was made.

Revance may establish that a patent claim is invalid for obviousness by showing, by clear and convincing evidence, that the claimed invention would have been obvious to a person of ordinary skill in the field of technology of the patent at the time the invention was made.

In determining whether a claimed invention is obvious, you must consider the level of ordinary skill in the field of the invention that someone would have had at the time the invention was made, the scope and content of the prior art, any differences between the prior art and the claimed invention, and, if present, so-called objective evidence or secondary considerations, which I will describe shortly. Do not use hindsight; consider only what was known at the time of the invention.

Keep in mind that the existence of each and every element of the claimed invention in the prior art does not necessarily prove obviousness. Most, if not all, inventions rely on building blocks of prior art.

In considering whether a claimed invention is obvious, you may, but are not required to, find obviousness if you find that at the time of the claimed invention there was a reason that would have prompted a person of ordinary skill in the field of technology of the patent to combine the known elements in a way the claimed invention does, taking into account such factors as (1) whether the claimed invention was merely the predictable result of using prior art

8

elements according to their known function(s); (2) whether the claimed invention provides an obvious solution to a known problem in the relevant field; (3) whether the prior art teaches or suggests the desirability of combining elements claimed in the invention; (4) whether the prior art teaches away from combining elements in the claimed invention; (5) whether it would have been obvious to try the combinations of elements, such as when there is a design need or market pressure to solve a problem and there are a finite number of identified, predictable solutions; and (6) whether the change resulted more from design incentives or other market forces.

To find that prior art rendered the invention obvious, you must find that it provided a reasonable expectation of success. Obvious to try is not sufficient in unpredictable technologies.

In comparing the scope and content of each prior art reference to a patent claim, you may find that inherency may supply a claim element that is otherwise missing from the explicit disclosure of a prior art reference. The inherent presence of an element so found by you may be used in your evaluation of whether the claimed invention would have been obvious in view of the prior art. But, to rely on inherency to establish the existence of a claim element in the prior art in an obviousness analysis, that element necessarily must be present in, or the natural result of, the combination of elements explicitly disclosed by the prior art. Inherency may not be established by probabilities or possibilities. The mere fact that a certain thing may result from an explicit disclosure is not sufficient to find inherency. However, if the disclosure is sufficient to show that the natural result flowing from the explicit disclosure would result in the claim element in question, inherency may be found.

In making your determination on obviousness, you must consider each of the patent claims separately and individually.

9

## 5.1    PRIOR ART

Under the patent laws, a person is entitled to a patent only if the invention claimed in the patent is not obvious in light of the art that came before the patented invention. That which came before is referred to as "prior art."

The following items are prior art to the '740 patent.

- The **"Smelt"** reference (DTX-202);

- The **"FDA Guidance 1999"** (JTX-112);

- The **"Gessler"** reference (DTX-192).

The following items are prior art to the '748 patent.

- The **"Malizio"** reference (DTX-196); and

- The **"Xiang"** patent (JTX-113).

The following items are prior art to the '878 patent:

- The **"Johnson"** patent (DTX-207); and

- The **"Hunt"** patent publication (DTX-209).

10

**5.2   DATE OF INVENTION**

Obviousness is determined as the date of invention.  In this case, the parties agree that the date of invention for the asserted claim of the '740 patent is September 25, 2003, the date for the asserted claim of the '878 patent is October 6, 2005; and the date for the asserted claim of the '748 patent is July 13, 2009.

### 5.3    PERSON OF ORDINARY SKILL IN THE ART

To determine the obviousness of the invention, you must determine the level of ordinary skill in the field of the invention at the time of the invention.

In deciding what the level of ordinary skill is, you should consider all the evidence introduced at trial, including but not limited to: (1) the levels of education and experience of the inventor and other persons actively working in the field; (2) the types of problems encountered in the field; (3) prior art solutions to those problems; (4) rapidity with which innovations are made; and (5) the sophistication of the technology.

The person of ordinary skill is presumed to know all prior art that you have determined to be reasonably relevant. The person of ordinary skill is also a person of ordinary creativity that can use common sense to solve problems.

### 5.4    OBJECTIVE INDICIA OF NONOBVIOUSNESS

In making your assessment of whether a claimed invention was obvious or not, you must take into account any objective evidence that may shed light on the obviousness or not of the claimed invention. In patent law, we typically refer to this type of evidence as "objective indicia of nonobviousness." No factor alone is dispositive, and you must consider the nonobviousness of the invention as a whole. Factors of objective indicia of nonobviousness include:

1) Was there a long-felt need for a solution to the problem facing the inventors, which was satisfied by the claimed invention?

2) Did the claimed invention achieve unexpectedly superior results over the closest prior art?

3) Did others in the field express skepticism at the feasibility of making the claimed invention?

Answering all, or some, of these questions "yes" may suggest but does not require a finding that the claim was not obvious. These factors are relevant only if there is a connection, or nexus, between the factor and the invention covered by the patent claims. Even if you conclude that some of the above indicators have been established, those factors should be considered along with all the other evidence in the case in determining whether Revance has proven by clear and convincing evidence that the claimed inventions would have been obvious.

**5.5    PRACTICING YOUR OWN PATENT**

The existence of one's own patent does not constitute a defense to liability for
infringement of someone else's patent.  A patent grants only the right to exclude others and
confers no right on its holder to make, use, or sell any product.  The fact that Revance sought and
obtained patents does not preclude a finding that Revance may be liable for infringing Allergan's
patents.

14

6.    **DAMAGES**

I will now instruct you about the measure of damages.  If you find that any asserted claims are not invalid, then Allergan is entitled to damages.  If you find the asserted claims invalid, do not consider damages at all.  By instructing you on damages, I am not suggesting which party should win this case on any issue.

The damages you award must be adequate to compensate Allergan for infringement of any valid patent.  You may not add anything to the amount of damages to punish Revance or to set an example.  You may not add anything to the amount of damages for interest.

Allergan has the burden to establish the amount of its damages by a preponderance of the evidence. While Allergan is not required to prove the amount of its damages with mathematical precision, it must prove them with reasonable certainty.  You may not award damages that are speculative, damages that are only possible, or damages that are based on guesswork.  You must be careful to ensure that your damages award is no more and no less than the value of the patented invention.

In this case, Allergan seeks damages in the form of a reasonable royalty.

## 6.1    DAMAGES—DATE OF COMMENCEMENT

In determining the amount of damages if you find the claims not to be invalid, the parties agree that the calculation of damages begins when Revance launched DAXXIFY® for commercial sale in December 2022.

16

## 6.2    REASONABLE ROYALTY—DEFINITION

I will now explain the concept of a reasonable royalty in more detail.

A royalty is a payment made to a patent holder in exchange for the right to make, use, or sell the claimed invention. A reasonable royalty is the amount of royalty payment that a patent holder and the alleged infringer would have agreed to in a hypothetical negotiation taking place at a time prior to when the infringement first began. The parties agree that the following hypothetical negotiation dates apply:

| Patent | Hypothetical Negotiation Date |
|--------|-------------------------------|
| '740 patent | June 2019 |
| '748 patent | June 2019 |
| '878 patent | October 2021 |

In considering this hypothetical negotiation, you should focus on what the expectations of the patent holder and the alleged infringer would have been had they entered into an agreement at that time, and had they acted reasonably in their negotiations. In determining this, you must assume that both parties believed the patent was valid and infringed, and that both parties were willing to enter into an agreement. The reasonable royalty you determine must be a royalty that would have resulted from the hypothetical negotiation, and not simply a royalty either party would have preferred. Damages are not based on a hindsight evaluation of what happened, but on what the parties to the hypothetical license negotiations would have agreed upon at the time of the negotiation. Evidence relevant to the negotiation is not necessarily limited to facts that occurred on or before the date of the hypothetical negotiation. You may also consider information the parties would have foreseen or estimated during the hypothetical negotiation,

17

which may under certain circumstances include evidence of usage after infringement started,

profits earned by the infringer, and proven non-infringing alternatives.

The reasonable royalty award must be based on the value attributable to the patented

invention. When the infringing products have both patented and unpatented features, measuring

this value requires a determination of the value added by the patented features. The ultimate

combination of a royalty base and royalty rate must reflect the value attributable to the infringing

features of the product. This requirement for valuing the patented technology can be met if the

patentee adequately shows that the defendant's infringement allowed it to avoid taking a

different, more costly course of action. A price for a hypothetical license may appropriately be

based on consideration of the parties' hypothetical negotiation over the costs and availability of

noninfringing alternatives and the potential infringer's cost savings opportunity costs in forgoing

a license. Specifically, the costs the infringer would incur to produce a non-infringing product

are relevant to the reasonable royalty for a license to sell a product covered by the patent. If

avoiding the patent would be difficult, expensive, and time consuming, the amount the infringer

would be willing to pay for a license is likely to be greater.

18

## 6.3    REASONABLE ROYALTY—RELEVANT FACTORS

In determining the reasonable royalty, you should consider all the facts known and available to the parties at the time the infringement began.  Some of the kinds of factors that you may consider in making your determination are:

1)    The value that the claimed invention contributes to the accused products.

2)    The value that factors other than the claimed invention contribute to the accused products.

3)    Comparable license agreements, such as those covering the use of the claimed invention or similar technology.

No one factor is dispositive, and you can and should consider the evidence that has been presented to you in this case on each of these factors.  You may also consider any other factors which in your mind would have increased or decreased the royalty Revance would have been willing to pay and Allergan would have been willing to accept, acting as normally prudent businesspeople willingly negotiating a license.

## 7.    DELIBERATIONS AND VERDICT

### 7.1    INTRODUCTION

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdict.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I will have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson, who by custom of this Court is the juror seated in the first seat, first row.

One more thing about messages. Never write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that you are split 4-4, or 6-2, or whatever your vote happens to be. Your votes should stay secret until you are finished.

20

### 7.2     UNANIMOUS VERDICT

Your verdict must represent the considered judgment of each juror.  In order for you as a jury to return a verdict, it is necessary that each juror agree to the verdict.  Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another and to deliberate with a view towards reaching an agreement, if you can do so without superseding your ultimate, individual judgment.  Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views and change your opinions, if convinced they are erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the purpose of returning a verdict.  You are judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

A verdict form has been prepared for you.  The verdict form asks you a series of questions about the parties' claims.  Unless you are directed otherwise in the form of the verdict, you must answer all of the questions posed, and you all must agree on each answer.  When you have reached a unanimous agreement as to your verdict, you will return your verdict to the courtroom deputy.

It is proper to add the caution that nothing said in these instructions, and nothing in the form of a verdict, is meant to suggest or convey in any way or manner any intimation as to what verdict I think you should find.  Determining what the verdict shall be is your sole and exclusive duty and responsibility.

21

### 7.3    DUTY TO DELIBERATE

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that—your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself.

22

**7.4    INTERNET AND SOCIAL MEDIA**

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a cellphone, tablet or computer; the Internet; any text or instant messaging service; or social networking platforms, including X, Twitter, Snapchat, Instagram, Facebook, TikTok, LinkedIn, WhatsApp, YouTube, or the like, to communicate to anyone any information about this case. You must also not conduct any research about this case until I accept your verdict.

In other words, you cannot talk to anyone on the phone, correspond with anyone, electronically communicate with anyone, or research anything about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations.

**7.5     THE COURT HAS NO OPINION**

Let me finish by repeating something I said to you earlier.  Nothing that I have said or done during this trial was meant to influence your decision in any way.  You must decide the case yourself based on the evidence presented.

\*          \*          \*