**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| Allergan, Inc.,<br><br>*Plaintiff/Counterclaim Defendant*,<br><br>v.<br><br>Revance Therapeutics, Inc. and Ajinomoto Althea, Inc. d/b/a Ajinomoto Bio-Pharma Services,<br><br>*Defendants/Counterclaim Plaintiffs*. | C.A. No. 21-1411-RGA-LDH<br><br>**REDACTED - PUBLIC VERSION (Filed August 6, 2025)** |

**DEFENDANTS' SUPPLEMENTAL BRIEF IN OPPOSITION TO ALLERGAN'S MOTION FOR RECONSIDERATION OF MOTION TO DISMISS**

Of Counsel:

Dennies Varughese, Pharm. D.
Adam C. LaRock
Byron L. Pickard
Nirav N. Desai
Deirdre M. Wells
Anna G. Phillips
Christopher M. Gallo
STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C
1101 K Street, NW, 10th Floor
Washington, DC 20005
(202) 371-2600

Peter J. Armenio
Andrew Solomon
CAHILL GORDON & REINDEL LLP
32 Old Slip
New York, NY 10005
(212) 701-3000

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Anne Shea Gaza (No. 4093)
Samantha G. Wilson (No. 5816)
Daniel G. Mackrides (No. 7230)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
swilson@ycst.com
dmackrides@ycst.com

*Attorneys for Defendants Revance Therapeutics, Inc. and PCI San Diego, Inc. (f/k/a Ajinomoto Althea, Inc.)*

Dated: July 7, 2025

**TABLE OF CONTENTS**

**Page**

I. Allergan concedes it did not raise its reconsideration argument during merits briefing and offers no good reason to excuse its delay; therefore, it is untimely and improper. ....1

II. Allergan has not demonstrated any clear error or manifest injustice that would result from the Court's dismissal of Allergan Ireland. ....3

III. CONCLUSION ....4

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Davis v. FEC*,
554 U.S. 724 (2008) ..... 2

*Falkenberg Capital Corp. v. Dakota Cellular, Inc.*,
925 F. Supp. 231 (D. Del. 1996) ..... 2

*Genzyme Corp. v. Novartis Gene Therapies, Inc.*,
C.A. No. 21-1736-RGA, 2024 WL 147780 (D. Del. Jan. 12, 2024) ..... 2

*Golden Bridge Tech., Inc. v. Apple Inc.*,
758 F.3d 1362 (Fed. Cir. 2014) ..... 2

## Glossary

| Entities | |
|---|---|
| **Shorthand** | **Name** |
| AGN or Allergan | Allergan, Inc. (sole remaining Plaintiff and movant) |
| ABL | Allergan Botox Limited and Allergan Botox Unlimited Co. |
| APHI | Allergan Pharmaceuticals Holdings (Ireland) Limited |
| API | Allergan Pharmaceuticals Ireland |
| Allergan Ireland | Allergan Pharmaceuticals Ireland Unlimited Company (former Plaintiff) |
| Allergan Services or ASBV | Allergan Services BV |
| Allergan USA | Allergan USA, Inc. (former Plaintiff) |
| Revance | Revance Therapeutics, Inc. and PCI San Diego, Inc. (f/k/a Ajinomoto Althea, Inc.) (Defendants) |

| Contracts | | |
|---|---|---|
| **Shorthand** | **Contract** | **Exhibit Number** |
| 2001 Cross License | 2001 ABL-ASBV Cross License Agreement | D.I. 533, Ex. 34. |
| 2001 Services Agreement | 2001 Botox Services Agreement (AGN, ABL, API, APHI) | |
| 2006 Purchase Agreement | 2006 Purchase Agreement (APHI and ASBV) | D.I. 533, Ex. 37. |
| 2010 MOU/MOU | 2010 Memorandum of Understanding (APHI, ABL, API, and ASBV) | D.I. 439-09, Ex. 9. |
| 2012 Termination Agreement | 2012 ASBV-ABL Termination Agreement | D.I. 533, Ex. 40. |
| IP APA | 2020 Intellectual Property and Economic Asset Purchase Agreement (ABUC, APHI, API). | D.I. 439-10. |

| Other Definitions | |
|---|---|
| **Shorthand** | **Definition** |
| "Patents-in-suit" or "Asserted Patents" | U.S. Patent Nos. 11,033,625; 11,147,878; 11,285,216; 7,354,740; and 11,203,748 |

The Court should deny Allergan's motion because (i) it improperly raises a new argument and (2) it fails to show any clear error or manifest injustice.

## I. Allergan concedes it did not raise its reconsideration argument during merits briefing and offers no good reason to excuse its delay; therefore, it is untimely and improper.

Allergan admits that it did not raise its reconsideration argument during merits briefing. That admission should be dispositive. Allergan points to the Court's interpretation of the 2006 Purchase Agreement and the sufficiency of Revance's merits argument (raised three times during merits briefing), to try to excuse its failure to raise its reconsideration argument during merits briefing. But Allergan overlooks a basic and decisive fact: Revance argued throughout the merits briefing that the 2006 Purchase Agreement encompassed all of the Asserted Patents. *See*, *e.g.*, D.I. 534 at 10; D.I. 548 at 8. That assertion should have prompted Allergan to raise any arguments it had to the contrary. So it really does not matter how, when, or even whether Revance raised any particular argument about the priority date for the '748 patent: once Revance asserted the 2006 Purchase Agreement covered all of the Asserted Patents, it was incumbent on Allergan to say "not so fast." But instead it said nothing. Allergan's motion proffers three excuses, none of which have anything to say on this fact.

Each of Allergan's three arguments for reconsideration fail. First, Allergan is wrong that it could not have raised its reconsideration argument until after the Court found that the 2006 Purchase Agreement "did not establish an ongoing relationship and, by its nature, was concluded as soon as it was executed." D.I. 580 ("Allergan Supp.") at 2 (quoting Mem. Op. at 18–19). There was nothing new or surprising in the Court's discussion of the 2006 Purchase Agreement. Allergan had initially argued that the later 2012 Termination Agreement had terminated the 2006 Purchase Agreement. D.I. 533 at 2–3. Revance countered that it made no sense to terminate the 2006 Purchase Agreement in 2012 because "the sale had already occurred." D.I. 534 at 11. So

the Court's statement that the 2006 Purchase Agreement's sale of patent rights "was concluded" cannot be a reason to allow Allergan to inject its new theory for the first time on reconsideration.

Second, Allergan is wrong to criticize Revance for allegedly failing to renew in its opening supplemental brief its earlier argument that the '748 patent's priority date did not exclude it from the 2006 Purchase Agreement—never mind that Revance was arguing the 2006 Purchase Agreement covered all of the Asserted Patents. But Allergan's criticism is premised on the demonstrably false claim that Revance did not renew its argument, as Allergan basically concedes in its footnote 1, which says Revance's supplemental brief included a pincite to this earlier argument. D.I. 548 at 8; Allergan Supp at 3 n.1.

Third, Allergan incorrectly contends (at 4) that it did not need to respond to Revance's argument because no response was "warranted." For support, Allergan cites cases standing for the apparent proposition that Revance had (but failed to carry) a burden of production. But those cases do not change the fact that, at all times, it was Allergan's burden to prove that each of the plaintiffs had standing. *Davis v. FEC*, 554 U.S. 724, 734 (2008). Once Revance put Allergan Ireland's standing at issue—which no party disputes—Allergan was required to make all of its arguments or have them deemed waived. *Falkenberg Capital Corp. v. Dakota Cellular, Inc.*, 925 F. Supp. 231, 244 (D. Del. 1996) ("The Third Circuit Court of Appeals has expressly held that Rule 59(e) motions are not designed to provide a mechanism to raise new issues previously available but not raised before."). *See also Genzyme Corp. v. Novartis Gene Therapies, Inc.*, C.A. No. 21-1736-RGA, 2024 WL 147780, at *3 (D. Del. Jan. 12, 2024); *Golden Bridge Tech., Inc. v. Apple Inc.*, 758 F.3d 1362, 1369–70 (Fed. Cir. 2014). Allergan was not allowed, as it suggests in its brief, to withhold an argument, see how the Court ruled, and then deploy the withheld argument on reconsideration. Indeed, permitting that type of apparent gamesmanship

would result in a flood of reconsideration motions.

The Court should deny the motion for reconsideration as raising untimely arguments.

## II. Allergan has not demonstrated any clear error or manifest injustice that would result from the Court's dismissal of Allergan Ireland.

There is no clear error in, nor would manifest injustice result from, the Court's determination that "it is possible that the 2006 Purchase Agreement included rights to the Asserted Patents, and because Allergan has provided no rationale from which to conclude otherwise, I find that the answer to Question #4 is 'no.'"[1] (Mem. Op. at 19). Revance explained during merits briefing and its opposition here why that conclusion was well-founded. The 2010 MOU plainly states that it memorializes "*prior* and current ownership rights" in Botox IP. The 2010 MOU also suggests that those same ownership rights had been previously allocated based on which company bore certain R&D expenditures. In other words, the MOU suggests that the *status quo* before the 2010 MOU was one in which ownership rights were based on R&D spending. The MOU further says, and Allergan agrees as a factual matter, that APHI bore the R&D expenses from 2001 onwards, meaning it funded R&D for the inventions in the '748 patent. It was therefore plausible, indeed likely, that APHI had already begun funding R&D that would lead to the alleged inventions in the '748 patent and conveyed its rights in that alleged invention by the 2006 Purchase Agreement.

Instead of pointing out clear error in the Court's opinion, Allergan advances three arguments in response to the Revance theory outlined above, contending its version of the facts is more likely true than not. Allergan Supp. at 9 ("[T]his evidence demonstrate*s* under the preponderance standard …."). But the test on a motion for reconsideration is not whether the

---

[1] Question 4 was "Have Plaintiffs shown that [ASBV] did not (as of the [2020] IP APA) hold the necessary rights to the Asserted Patents?" (Mem. Op. at 3).

evidence tends to favor Allergan's position but whether Allergan can point to a clear error of law or fact or the need to prevent manifest injustice.

Allergan (at 6) contends that Revance does not explain how the 2006 Purchase Agreement could convey rights to a patent with a 2009 priority date. But this plainly is not the case; Revance has repeatedly explained this. *See supra* 3; *see also* D.I. 534 at 10; D.I. 548 at 8; D.I. 566 at 3-5. Allergan argues (at 7) that the timing of R&D funding is irrelevant because the 2010 MOU uses the word "developed." Allergan's strained contractual reading misses the point. The 2010 MOU does not control what was conveyed by the 2006 Purchase Agreement for the basic reason that the MOU came after the 2006 Purchase Agreement and did not include ASBV. The 2010 MOU is, however, relevant to understanding the largely undocumented period that preceded it, especially in its suggestion that various Allergan companies had been funding certain R&D expenditure and treating any IP generated from that R&D as their own—even though that arrangement had not been well-documented, thus prompting the 2010 MOU.

Finally, Allergan presses a slew (at 8–9) of new contract-interpretation arguments, which boil down to: (i) an unremarkable observation (at 8) that the 2006 Purchase Agreement uses the present tense[2]; (ii) an over-reading of boiler-plate representations and warranties (at 8) (citing "from time to time" language); and (iii) a rehash of old arguments about the meaning the 2012 Termination Agreement (at 8–9).

## III. CONCLUSION

For at least the reasons set forth herein and in Revance's Opposition (D.I. 566), the Court should deny Allergan's Motion for Reconsideration.

---

[2] Revance's point is that, as of 2006, APHI likely owned the rights that would later be patented in the '748 patent and effected a sale of those rights to ASBV. So the use of the present tense is not a helpful fact for Allergan.

Dated: July 7, 2025

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*<u>/s/ Anne Shea Gaza</u>*
Anne Shea Gaza (No. 4093)
Samantha G. Wilson (No. 5816)
Daniel G. Mackrides (No. 7230)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
swilson@ycst.com
dmackrides@ycst.com

*Attorneys for Defendants Revance Therapeutics, Inc. and PCI San Diego, Inc. (f/k/a Ajinomoto Althea, Inc.)*

Of Counsel:

Dennies Varughese, Pharm. D.
Adam C. LaRock
Byron L. Pickard
Nirav N. Desai
Deirdre M. Wells
Anna G. Phillips
Christopher M. Gallo
STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C
1101 K Street, NW, 10th Floor
Washington, DC 20005
(202) 371-2600

Peter J. Armenio
Andrew Solomon
CAHILL GORDON & REINDEL LLP
32 Old Slip
New York, NY 10005
(212) 701-3000

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 7, 2025, a copy of the foregoing document was served on the counsel listed below in the manner indicated:

**BY EMAIL**

Jack B. Blumenfeld
Jeremy A. Tigan
Anthony D. Raucci
MORRIS, NICHOLS, ARSHT
& TUNNELL LLP
1201 N. Market Street
Wilmington, DE 19899
jblumenfeld@morrisnichols.com
jtigan@morrisnichols.com
araucci@morrisnichols.com

Candace Polster
Robert Unikel
PAUL HASTINGS LLP
71 South Wacker Drive
Suite 4500
Chicago, IL 60606
candacepolster@paulhastings.com
robertunikel@paulhastings.com

*Attorneys for Plaintiff*

Eric W. Dittmann
Chad J. Peterman
Melanie R. Rupert
Bruce M. Wexler
Ashley N. Mays-Williams, Ph.D.
Krystina L. Ho, Ph.D.
Carl J. Minniti, III
Isaac S. Ashkenazi
PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166

Felix A. Eyzaguirre
PAUL HASTINGS LLP
600 Travis Street, 58th Floor
Houston, Texas 77002
felixeyzaguirre@paulhastings.com

Karthik R. Kasaraneni
David M. Valente
Amanda K. Taylor
PAUL HASTINGS LLP
2050 M. Street NW
Washington, DC 20036
karthikkasaraneni@paulhastings.com
davidvalente@paulhastings.com
amandataylor@paulhastings.com

Dated: July 7, 2025

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Anne Shea Gaza*
Anne Shea Gaza (No. 4093)
Samantha G. Wilson (No. 5816)
Daniel G. Mackrides (No. 7230)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
swilson@ycst.com
dmackrides@ycst.com

*Attorneys for Defendants Revance Therapeutics, Inc. and PCI San Diego, Inc. (f/k/a Ajinomoto Althea, Inc.)*