MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347

302 658 9200
302 658 3989 FAX

ANTHONY D. RAUCCI
(302) 351-9392
araucci@morrisnichols.com

July 17, 2025 **REDACTED - PUBLIC VERSION**

The Honorable Richard G. Andrews
United States District Court for the District of Delaware
844 North King Street
Room 6325, Unit 9
Wilmington, DE 19801-3555

*VIA ELECTRONIC FILING*

[redacted]

Re: *Allergan, Inc. v. Revance Therapeutics, Inc.*, C.A. No. 21-1411 (RGA) (LDH)

Dear Judge Andrews:

Pursuant to the Amended Pretrial Order, Plaintiff Allergan submits the below objections to Defendant Revance's disclosure of exhibits and demonstratives for use on direct examination with its witnesses. Excerpts are attached to this letter with highlights as appropriate.

**DDX-10.8–11, DTX-071, DTX-314 to DTX-320, DTX-367 to DTX-370, DTX-374, DTX-479, DTX-512, DTX-586 to DTX-590, DTX-658, and PTX-612 to PTX-614**

Allergan objects to these exhibits and demonstratives as irrelevant, prejudicial, cumulative, confusing, and not permitted for any purpose in this trial under *Aqua Shield*, particularly given the significant and incontrovertible pre-hypothetical negotiation evidence. In addition, these documents should be excluded because they would be used to improperly support a new, previously undisclosed expert opinion. As Allergan's July 17, 2025 letter to the Court explains, Allergan has introduced significant, uncontested evidence of the parties' competitive positions that all pre-dates the hypothetical negotiation date. There is ample pre-hypothetical negotiation evidence, which forecloses the use of post-hypothetical negotiation evidence. *Aqua Shield* establishes that the Book of Wisdom cannot be used to subvert what the parties would have believed at the time of the hypothetical negotiation. *See* 774 F.3d 766, 772 (2014).

**DTX430, DTX431**

Allergan objects to these exhibits, which were attachments to one of Ms. Trexler's expert reports. DTX-430 includes her commentary on Revance's public messaging. DTX-431 includes "adjustment factor" calculations based on her analysis. They are hearsay and also not admissible as compilations or summaries under FRE 1006 because they do not summarize the content of voluminous admissible writings (even if they did, they include additional inadmissible content). On July 15, the Court sustained Revance's objection to similar Allergan documents, noting that

they did not appear to be summaries of documents too voluminous to show in court as the numbers on one of Allergan's exhibits seemed to come from one sheet. *See* Trial Tr. 532:1-533:17. Similarly, DTX-430 cites only a single tab of another document as its sole source, and DTX-431 cites two tabs of another document as its sole source. What's good for the goose is good for the gander.

Respectfully,

*/s/ Anthony D. Raucci*

Anthony D. Raucci (#5948)

cc: All Counsel of Record (via e-mail)